UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| BROOKLYN B.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:24-cv-00102-TWP-KMB |
| | ) |
| FRANK BISIGNANO Commissioner of Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff Brooklynn B. appeals Administrative Law Judge Cristen Meadows' (the "ALJ") decision denying her application for Social Security Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. Pursuant to 28 U.S.C. § 636, the Court referred the matter to the Magistrate Judge, who submitted her Report and Recommendation on July 31, 2025, recommending that the decision of the Commissioner be reversed (Filing No. 17). The Commissioner timely filed Objections to the Magistrate Judge's Report and Recommendation (Filing No. 19). For the reasons set forth below, the Court **overrules** the Commissioner's Objections, **adopts** the Magistrate Judge's Report and Recommendation and **remands** the decision for further proceedings.

**I.     BACKGROUND**

The Court declines to provide an extensive elaboration of the procedural and factual background of this matter, as the parties and the Magistrate Judge have sufficiently detailed the

---

[1] To protect the privacy interests of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first names and last initials of non-governmental parties in its Social Security judicial review opinions.

background of this matter in the briefs and the Report and Recommendation. The Court mentions only some of the facts here and will add additional facts as relevant throughout this order.

Brooklynn B. protectively filed her application for DIB on October 23, 2022, alleging March 1, 2019, as the disability onset date. In her application, Brooklynn B. claimed the following impairments: borderline personality disorder, generalized anxiety, and depression. (Filing No. 9-3 at 3). Her application was denied initially on February 23, 2023, and again on reconsideration on August 23, 2023. *Id.* at 6, 12. She timely requested a hearing on her application, which was held before an Administrative Law Judge ("ALJ") on October 18, 2023. The ALJ issued a decision on March 28, 2024, denying Brooklynn B.'s application, having determined that she was not disabled. (Filing No. 9-2 at 18). Brooklynn B. sought review of the ALJ's decision by the Appeals Council. On May 29, 2024, the Appeals Council denied Brooklynn B.'s request to review the ALJ's decision, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. *Id.* at 2.

Brooklynn B. timely filed a Complaint on August 1, 2024, seeking judicial review, asserting the ALJ erred by failing to consider the effects of her OCD diagnosis. On February 19, 2025, this Court issued an order referring the Matter to a Magistrate Judge for a Report and Recommendation ("R&R"). (Filing No. 15). On July 31, 2025, the Magistrate Judge issued an R&R recommending that the Court reverse the Commissioner's decision and remand for further proceedings. (Filing No. 17). The Commissioner timely filed his Objections to the R&R on August 14, 2025, and Brooklynn B. responded on August 29, 2025.

## II.     LEGAL STANDARD

When the Court reviews the Commissioner's decision, the ALJ's findings of fact are conclusive and must be upheld by this Court "so long as substantial evidence supports them and

2

no error of law occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* The Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008). The ALJ "need not evaluate in writing every piece of testimony and evidence submitted." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993). However, the "ALJ's decision must be based upon consideration of all the relevant evidence." *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). To be affirmed, the ALJ must articulate her analysis of the evidence in her decision, and while she "is not required to address every piece of evidence or testimony," she must "provide some glimpse into her reasoning . . . [and] build an accurate and logical bridge from the evidence to her conclusion." *Dixon*, 270 F.3d at 1176. The Court "must be able to trace the ALJ's path of reasoning" from the evidence to her conclusion. *Clifford v. Apfel*, 227 F.3d 863, 874 (7th Cir. 2000).

When a party raises specific objections to elements of a magistrate judge's report and recommendation, the district court reviews those elements *de novo*, determining for itself whether the Commissioner's decision as to those issues is supported by substantial evidence or was the result of an error of law. *See* Fed. R. Civ. Pro. 72(b). The district court "makes the ultimate decision to adopt, reject, or modify the report and recommendation, and it need not accept any portion as binding; the court may, however, defer to those conclusions . . . to which timely objections have not been raised by a party." *Sweet v. Colvin*, No. 12-cv-439, 2013 WL 5487358, at *1 (S.D. Ind. Sept. 30, 2013) (citing *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759–61 (7th Cir. 2009)).

### III.   DISCUSSION

The Commissioner urges the Court to reject the R&R because the ALJ provided a detailed analysis of Brooklynn B.'s mental health treatment and reasonably concluded she could perform

3

unskilled work with certain limitations. (Filing No. 19 at 2). He insists the ALJ did not err because the "limited medical record surrounding Brooklynn B's OCD[2] does not indicate that her compulsive behaviors were severe enough to affect her daily functioning for an extended period of time." *Id.* at 3.

In response, Brooklynn B. argues the ALJ's decision fails to build a logical bridge between the evidence and her conclusion because she never discussed the line of evidence pointing to her OCD diagnosis – namely, her symptoms of impulsivity, compulsiveness, and intrusive thoughts. (Filing No. 20 at 3). It was the ALJ's burden, she says, to "develop the arguments both for and against granting benefits," including by addressing documented diagnoses that support the claimant's reported limitations. *Id.* at 4.

Brooklynn B. is correct. For a decision to be supported by substantial evidence, the ALJ "must confront the evidence that does not support his conclusion and explain why it was rejected." *Deborah M. v. Saul*, 994 F.3d 785, 788 (7th Cir. 2021). The Commissioner may be right that the medical record does not support further limitations based on Brooklynn B.'s OCD. But the Court has no way of knowing whether the ALJ, in fact, reached that conclusion because the opinion lacks any discussion of it whatsoever. And while the ALJ need not mention every piece of evidence, she "cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding." *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010) (citing *Myles v. Astrue*, 582 F.3d 672, 678 (7th Cir. 2009)).

The record includes ample evidence of Brooklynn B.'s OCD that should have factored into the ALJ's analysis. For example, at least three medical professionals opined that Brooklynn B. experienced OCD symptoms that may have affected her ability to work, including obsessive

---

[2] Obsessive-Compulsive Disorder (OCD) is a mental health condition characterized by a cycle of unwanted, intrusive thoughts (obsessions) and repetitive behaviors (compulsions) performed to reduce anxiety.

thoughts, skin picking, tapping, and other repetitive behaviors. (*See, e.g.*, Filing No. 9-7 at 138, 209, 214; Filing No. 9-9 at 109). "Although these impairments may not on their own be disabling, that would only justify discounting their severity, not ignoring them altogether." *Terry v. Astrue*, 580 F3d. 471, 477 (7th Cir. 2009). The ALJ never mentions these symptoms or the repeated OCD diagnosis despite "the most minimal of articulation requirements." *Thorlton v. King*, 127 F.4th 1078, 1083 (7th Cir. 2025). As the Magistrate Judge explained, it would have cost the ALJ nothing to address the diagnosis, if only briefly, to develop the record for meaningful review and build an "accurate and logical bridge" from the evidence to her conclusion. *See Terry*, 580 F.3d at 477 (noting that it is "the ALJ's obligation to develop the record" before concluding the claimant's purported issues have been cured).

This is not a case where the ALJ acknowledges symptoms the claimant believed were discounted, observes they were well-managed, and concludes the claimant is not disabled. *Cf. Thorlton*, 127 F.4th at 1082. Nor is it a case where the omitted evidence fails to reveal "substantially different information" about the claimant's alleged impairments. *Cf. Deborah M.*, 994 F.3d at 789. OCD is a diagnosis separate and apart from borderline personality, depression, and generalized anxiety, and the ALJ's failure to discuss it was error. *See Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009) ("If the Commissioner's decision lacks adequate discussion of the issues, it will be remanded."). On remand, the ALJ should evaluate whether Brooklynn B.'s OCD affects her ability to work.

## IV. CONCLUSION

For the reasons explained above, The Commissioner's Objections to the Report and Recommendation (Filing No. 19) are **OVERRULED** and the Court **ADOPTS** the Magistrate Judges' Report and Recommendation. The final decision of the Commissioner is **REMANDED**

for further proceedings consistent with this Order as authorized by the fourth sentence of 42 U.S.C. § 405(g).

**SO ORDERED**.

Date:  9/30/2025

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Elaine Kuntz
Social Security Administration
elaine.kuntz@ssa.gov

Drew Meyer
Social Security Administration
drew.meyer@ssa.gov

Shelese M. Woods
United States Attorney's Office (Indianapolis)
shelese.woods@usdoj.gov

Adriana Maria de la Torre
Tower Law Group
adriana@towerlawgroup.com